UNITED STATES of America

v.

Donnie McFADDEN, Defendant.

Crim. No. 89–311.

United States District Court,
District of Columbia.

Oct. 23, 1989.

Mark J. Carroll, Asst. U.S. Atty., for Government.

Arthur M. Reynolds, Jr., Washington, D.C., for defendant.

*Memorandum Opinion*

SPORKIN, District Judge.

This case is before the Court on defendant Donnie McFadden's motion to suppress evidence seized from his automobile after his arrest on August 9, 1989, at approximately 4:30 p.m. It is defendant's contention that the search of his vehicle violated the Fourth Amendment. According to defendant, it was only after he was in the custody of police officers, at a location several blocks from where his vehicle was parked, that other officers used keys found on his person to gain entry to his vehicle in order to conduct a search. Also raised in this proceeding is the issue of whether the prosecution should be permitted to introduce into evidence a package containing cocaine and marijuana that the defendant threw onto a rooftop during the course of his flight from the police.

The government opposes defendant's motion maintaining that the warrantless search of his vehicle was reasonable in light of the exigent circumstances at the time. The government claims that the police officers, acting pursuant to an anonymous tip, approached Mr. McFadden as he was seated in his car. It is the government's position that Mr. McFadden's subsequent flight from the vehicle with a brown bag in hand coupled with his throwing of this bag onto a nearby rooftop provided sufficient probable cause to detain the defendant, while awaiting recovery of the package from the rooftop. The govern-

ment also asserts that an immediate search of the vehicle in which the defendant was initially seen was necessary in order to avoid the loss of evidence.

## FINDINGS OF FACT

Officer Kirk Delpo and Officer John Davis of the District of Columbia Metropolitan Police Department were the only witnesses who testified at the hearing held by this Court on October 3, 1989. No testimony or other evidence was offered by the defendant to refute the testimony provided by these officers.

Officer Davis testified that approximately one week prior to the arrest of the defendant he had received several calls from an anonymous caller who advised him that drugs were being dropped off at 1629 E. St., N.E. by a heavy set black man who drove a burgundy Ford Escort with the Maryland license plate WBK–444. Officer Davis stated that after receiving these calls he and other officers on their regular patrols passed by this location to investigate the information provided by the caller. He further testified that on a few nights the car was observed parked in the vicinity of that location, but that no one was seen in the car. On the afternoon of August 9, 1989, while conducting daily patrol, Officer Davis stated that he and the other officers with him observed an individual seated in the driver's seat of the Ford Escort with the Maryland registration WBK–444. The officers, four in number, were in plain clothes and riding in an unmarked police car. Officer Delpo testified that he was driving the vehicle. When the patrol car pulled up behind the Ford Escort, the defendant was observed starting to exit the vehicle with a brown paper bag in hand. The officers also exited the patrol car in an effort to question the defendant. However, the defendant began to run from the officers. Officer Delpo stated that he shouted "Stop, police" and that he was wearing an armband that identified him as a police officer. Officer Delpo stated that he began to pursue the defendant on foot for several blocks. One of the officers locked the doors to the Ford Escort and the remaining officers began to pursue the defendant in the patrol car. Officer Delpo testified that during his foot pursuit he observed the defendant throw the brown bag which he had been carrying onto a nearby rooftop.

The officers finally apprehended the defendant at the 1500 block of Isherwood Street and a brief struggle ensued. The defendant was eventually subdued and detained. A call was made to the fire department in order to obtain a ladder so that the brown bag thrown by the defendant could be retrieved from the rooftop. The officers waited approximately twenty minutes for the fire department to arrive. Officer Delpo climbed the ladder and recovered the brown bag and found it to contain a hard rocklike substance that was white in color and some green leafy matter. The rocklike substance field tested positive for cocaine and the green leafy substance tested positive for marijuana. The indictment alleges that the amount of cocaine seized is in excess of 5 grams and the amount of marijuana at issue is not disclosed in the indictment nor was it testified to at the suppression hearing before this Court.

At that point, one of the officers returned to the Ford Escort and opened the vehicle with the defendant's keys. The officer searched the vehicle and discovered a ziplock bag under the driver's seat. This bag contained a white rocklike substance that tested positive for cocaine. Approximately .22 grams of this substance was contained in the bag.

## CONCLUSIONS OF LAW

The Supreme Court has clearly stated that police officers have the authority to take action short of arrest when they have a reasonable suspicion that criminal activity may be taking place. In *Terry v. Ohio,* 392 U.S. 1, 19, 88 S.Ct. 1868, 1878, 20 L.Ed.2d 889 (1968), the Court held that a police officer who has a "reasonable suspicion" of criminal activity, based on articulable facts, may detain a suspect for purposes of limited questioning and, in conducting this stop, the officer is free to "frisk" the suspect to protect himself from

concealed weapons. Here, the officers possessed just such a reasonable suspicion. Having obtained an anonymous tip that drugs were being dropped off by a heavy set man driving a Ford Escort with Maryland registration WBK–444, the officers investigated this information. While patrolling the area, they identified a burgundy Ford Escort with the exact license plate number that the caller had communicated. In addition, they observed a heavy set male in the driver's seat. Thus, all of the information communicated to the police by the anonymous caller was corroborated by the officers' independent investigation. Such corroboration coupled with the fact that the area at issue was known by the officers to be a high drug-trafficking neighborhood provided the officers with enough information to create a reasonable suspicion in their minds with regard to the individual who was observed in the Ford Escort. This Court is convinced that as a matter of law the officers in this case had enough information to create a reasonable suspicion in their minds regarding the individual who was seated in the Ford Escort. Thus, the officers acted lawfully when they approached the vehicle in order to question the occupant to pursue the information that had been received.

Since the officers could have legitimately stopped the defendant to question him, the next issue is whether the subsequent detainment of the defendant was proper. As the Supreme Court has stated, "... a brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." *Adams v. Williams*, 407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612 (1976). Here, the defendant was observed by Officer Delpo to have thrown the brown bag which he was carrying onto a nearby rooftop. This behavior when viewed in combination with the defendant's effort to evade the police provided the officers with the necessary legal basis for detaining the defendant until the bag could be removed from the rooftop.

Additionally, the Supreme Court has observed, "In testing the sufficiency of probable cause for an officer's [arrest] even without a warrant, we have held that he may rely upon information received through an informant, rather than upon his direct observations, so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge." *Jones v. United States*, 362 U.S. 257, 269, 80 S.Ct. 725, 735, 4 L.Ed.2d 697 (1960). Here, as noted above, the officers did not begin to act until they corroborated the factual information provided by the anonymous caller.

Moreover, it is well recognized that once an officer has the requisite reasonable suspicion to stop and question an individual, and that individual deliberately takes flight when approached by the officer, the officer no longer just has mere reasonable suspicion. *See e.g., Peters v. New York,* decided together with *Sibron v. New York,* 392 U.S. 40, 66–67, 88 S.Ct. 1889, 1904, 20 L.Ed.2d 917 (1968) ("[D]eliberately furtive actions and flight at the approach of strangers or law officers are strong indicia of *mens rea,* and when coupled with specific knowledge on the part of the officer relating the suspect to the evidence of crime, they are proper factors to be considered in the decision to make an arrest"). As Justice Brennan has stated, "[S]ome reactions to a properly limited *Terry* encounter ... such as flight, may often provide the necessary information, in addition to that which the officers already possess, to constitute probable cause." *Kolender v. Lawson,* 461 U.S. 352, 366 n. 4, 103 S.Ct. 1855, 1863 n. 4, 75 L.Ed.2d 903 (1983) (Brennan, J., concurring).

 While flight alone cannot give rise to probable cause; when coupled with a pre-existing reasonable and articulable suspicion, it can be important corroborating evidence. Thus, if there already exists a significant degree of suspicion concerning a particular person, the flight of that individual upon the approach of the police may be taken into account and may well elevate the pre-existing suspicion up to the requisite Fourth Amendment level of probable

cause." *See* 2 W. LaFave, Search & Seizure § 3.6(e), pp. 62–63 (2d ed. 1987). Here, the officers possessed a prior and articulable basis for their suspicion. Mr. McFadden's flight, the throwing of the bag onto the rooftop, and the subsequent recovery of the bag which contained cocaine and marijuana provided the officers with the additional information they needed to complete the arrest. Thus, after considering the totality of the circumstances,[1] this Court concludes that the officers had the requisite probable cause to arrest the defendant, Mr. McFadden. This being the case the evidence recovered from the rooftop subsequent to defendant's being taken into custody will not be suppressed. *See e.g. United States v. Green,* 670 F.2d 1148 (D.C.Cir.1981); *United States v. Allen,* 629 F.2d 51 (D.C.Cir.1980).

■ The search of defendant's vehicle gives rise to other issues. According to the testimony elicited at the hearing before this Court, the defendant was taken into custody several blocks from where the Ford Escort was parked. As noted by Officer Davis, prior to pursuing the defendant in the patrol car, one of the officers locked the doors to the vehicle to ensure that nothing in it would be disturbed. After arresting the defendant, the officers returned to the location of the Escort and proceeded to open the car with keys that had been found on the defendant's person. This Court is not satisfied that the facts in this case justified a warrantless search of the defendant's vehicle. Accordingly, I am going to suppress the .22 grams of cocaine recovered from under the driver's seat of the Ford Escort.

An appropriate order accompanies this opinion.

## ORDER

Upon consideration of defendant's motion to suppress evidence, the Government's opposition thereto and the hearing held before this Court on October 3, 1989, and in accordance with the opinion issued this date, it is

ORDERED that defendant's motion to suppress a quantity of cocaine and marijuana that was contained in a paper bag that defendant was observed to have thrown onto a rooftop is DENIED.

FURTHER ORDERED that defendant's motion to suppress .22 grams of cocaine that was found during a warrantless search of his vehicle is GRANTED.

---

1. The officers relied on several factors: 1) the anonymous tip; 2) their independent corroboration of the information provided by the caller; 3) their experience and knowledge that this area was known for drug-trafficking; 4) defendant's flight; 5) defendant's throwing of the paper bag onto a rooftop; and 6) the subsequent recovery of the bag and the determination that it contained cocaine and marijuana.